IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:17CR104–HEH |
| ) | |
| DUSTIN WASHINGTON, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Dustin Washington, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 371).[1] The Government has filed a Response. (ECF No. 391.) Despite receiving an extension of time, Washington has not filed a reply. Instead, he filed a Motion for Abeyance (ECF No. 418), that will be denied as moot. For the reasons set forth below, the § 2255 Motion will be denied.

---

[1] Washington labels this as a "SU[P]PLEMENTAL MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. 2255;" however, there is no other pending motion that he could supplement. The Government also points out that Washington failed to sign his § 2255 Motion despite the requirement of Rule 2(b)(5) of the Rules Governing 2255 Proceedings that all motions under § 2255 must "be signed under penalty of perjury by the movant." Although the Court could deny the § 2255 Motion without prejudice for this reason alone, because Washington's claim is barred from review for other reasons, judicial economy dictates that the Court deny the § 2255 Motion with prejudice without requiring a sworn version.
 The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in quotations from Washington's submissions.

## I. PROCEDURAL HISTORY

On November 1, 2017, a grand jury charged Washington with conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin (Count One); possession of a firearm by convicted felon for conduct occurring on April 17, 2017, in violation of 18 U.S.C. § 922(g)(1) (Count Six); and possession of a firearm in furtherance of a drug trafficking crime (Count Seven). (ECF No. 93, at 2, 4.) On January 25, 2018, a jury found Washington guilty of Counts One and Six, and not guilty of Count Seven. (ECF No. 182.) By Memorandum Opinion and Order entered on July 23, 2018, the Court denied Washington's motion for a new trial. (ECF Nos. 296, 297.) On August 10, 2018, the Court entered judgment against Washington and sentenced him to 264 months of incarceration on Count One, and 120 months of incarceration on Count Six, to run concurrently. (ECF No. 308, at 2.)

Washington appealed, and the United States Court of Appeals affirmed his convictions. *United States v. Washington*, 771 F. App'x 279, 280 (4th Cir. 2019). On October 7, 2019, the United States Supreme Court denied his petition for a writ of certiorari. *Washington v. United States*, 140 S. Ct. 209 (2019).

On July 21, 2020, the Court received the present § 2255 Motion. In the § 2255 Motion, Washington raises the following claim for relief:

> Claim One: "Petitioner['s § 922(g) conviction] must be vacated in light of the Supreme Court['s] recent decision in *Rehaif* [*v. United States*, 139 S. Ct. 2191 (2019)]. (ECF No. 371, at 1.)

As discussed below, Claim One is procedurally defaulted and barred from review here.

2

## II. PROCEDURAL DEFAULT

### A. Alleged Error under *Rehaif*

The Government concedes that *Rehaif* applies retroactively to cases on collateral review, but argues that, Washington procedurally defaulted any challenge to his conviction based on *Rehaif*. (ECF No. 391, at 5.)[2] As discussed below, Claim One is defaulted and it is barred from review here.

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who "knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. 2197. Accordingly, *Rehaif* held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he*

---

[2] The Fourth Circuit has not addressed the retroactivity of *Rehaif*. At least two circuit courts have found that *Rehaif* is merely a case of statutory interpretation, and it did not establish a new rule of constitutional law. *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Nevertheless, because the Government concedes its retroactivity, for the purposes of this opinion, the Court will accept that *Rehaif* applies retroactively to cases on collateral review.

3

*knew* he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added).[3]

Relying on this holding, Washington contends:

> *Rehaif* now voids Petitioner's guilty plea because this Court accepted it without advising Petitioner of the element requiring knowledge of his prohibited status under 922(g). Because the court failed to advise Petitioner of an element of the offense to which he pled guilty, the plea was not knowingly and intelligently made, and in turn, violated the DUE PROCESS CLAUSE under the Constitution and Fed. R. Crim. P. 11(b)(G).

(ECF No. 371, at 2.) Contrary to Washington's arguments, he did not plead guilty but was convicted of the § 922(g) offense by a jury. Nevertheless, both the Government and the Court generously construe Washington to argue that the Government failed to prove that he knew of his felony status when he possessed the firearm; therefore, the evidence was insufficient to convict him of the § 922(g) offense and his conviction must be

---

[3] In *Rehaif*, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:
> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither.
>
> Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. *Id.* The Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

vacated.[4] However, as discussed below, Claim One is procedurally defaulted, and barred from review here.

### B. Washington Fails to Demonstrate Actual Prejudice or Actual Innocence

Washington clearly did not raise his *Rehaif* claim during his criminal proceedings in this Court or on direct review. The Government correctly asserts that, absent a showing of cause and prejudice or actual innocence, Claim One is barred from review here because Washington could have raised, but did not raise, this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). The Court need not determine whether Washington has shown cause, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

The undisputed evidence establishes that the Government would have easily demonstrated that Washington was aware of his prohibited status during trial. As the

---

[4] Washington does not specifically argue that *Rehaif* requires that the Government must also prove that he knew his conviction for a crime punishable by a term of imprisonment exceeding one year accorded him a status barring him from legally possessing a firearm. However, to the extent that he had, that contention lacks merit. *Rehaif* does not require the Government to prove that Washington knew his possession of a firearm was unlawful in addition to proving he "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2194. To the contrary, "the scope of a defendant's knowledge as required by *Rehaif* does not extend beyond the defendant's relevant status (that he was a felon . . . )." *United States v. Jackson*, No. 3:17–810–CMC, 2021 WL 694848, at *8 (D.S.C. Feb. 23, 2021) (quoting *Rehaif*, 139 S. Ct. at 2194). Although the Fourth Circuit has not weighed in on this argument, four circuit courts have agreed that after *Rehaif*, "the Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)," *United States v. Singh*, 979 F.3d 697, 728 (9th Cir. 2020), —not that "he knew his status prohibited him from owning a firearm." *Id.* at 727; *see also United States v. Maez*, 960 F.3d 949, 945–55 (7th Cir. 2020) *petition for cert. filed*, Nos. 20–6129, 20–6226, 20–6227 (U.S. Oct. 19, 2020 & Oct. 28, 2020); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020); 140 S. Ct. 814 (2020).

5

Court inferred in *Rehaif*, the Government's obligation to prove a defendant's knowledge of his status as a convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *petition for cert. filed*, No. 20–5489 (U.S. Aug. 25, 2020).

In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. at 2195. The Supreme Court set forth four elements that makes possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case: whether Washington was aware that he was a felon with a sentence of more than a year at the time he possessed the firearm. Overwhelming evidence reflects that Washington knew of his felon status at the time of the firearm offense and the Government easily could have proven that fact during trial. *Cf. Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.").

During his own trial testimony, Washington admitted that he was a convicted felon, and admitted to having "[r]oughly, like three, maybe four" prior felony convictions. (ECF No. 391–1, at 4.) In fact, Washington had been convicted of multiple state felonies by April 2017, including: possession of a firearm by a felon in 2009, for which he was sentenced to five years with all five years suspended (ECF No. 299 ¶ 46; *see* ECF Nos. 390–1, 390–2.); and, unlawful wounding in 2013, for which he was sentenced to two years of imprisonment with one year and seven months suspended (ECF No. 299 ¶ 48).

Also, on May 18, 2012, Washington signed a document that states, in relevant part:

> The Omnibus Crime Control and Safe Streets Act of 1968 . . . makes the receipt, possession, or transportation of any firearm by a person convicted of a felony in a Federal or State court punishable as a felony. . . .
> As a felon, therefore, you do not have the privilege to hunt with a firearm, and certainly do not have the privilege to purchase, own, or carry a firearm. You are being advised of this law for your own protection. Should you violate this law, you will bear full responsibility.

(ECF No. 390–3, at 1.) Again, this document demonstrates that Washington was aware of his status as an individual who had been convicted of a crime punishable by imprisonment exceeding one year and that because of that status, he was not permitted to "purchase, own, or carry a firearm." (*Id.*)

On January 29, 2014, Washington signed two agreements with respect to his probation period following his convictions for possession of a firearm by a convicted felon conviction, unlawful wounding, and two counts of assault and battery of a family member, entitled "Conditions of Probation Supervision." (ECF No. 390–4, at 1–4.) In

7

those agreements, Washington explicitly agreed, as reflected by his signature on each document, that he knew that he had received a sentence of five years with all five years suspended, and a sentence of two years with one year and seven months suspended. (*See id.*) Therefore, as of the date of the offense conduct in this case, April 2017, Washington knew that he had been convicted of "a crime punishable by imprisonment for a term exceeding one year" as required by § 922(g)(1). In that same document, Washington agreed, as reflected by his signature, that he would "not use, own, possess, transport or carry a firearm." (*Id.* at 1, 3.) Thus, Washington clearly knew that he was not permitted to possess a firearm by the clear terms of his probation.

In sum, any suggestion that Washington was not aware of his status as a felon when he possessed the firearm is entirely belied by the record. Washington cannot show any actual prejudice. This same information dispels any suggestion that Washington's actual innocence could excuse his default. Accordingly, Claim One is defaulted and will be DISMISSED.

### C. Outstanding Motion

On February 16, 2021, Washington filed a Motion for Abeyance asking this Court to stay the resolution of his § 2255 Motion until the United States Supreme Court decided the case *United States v. Gary*. The Supreme Court decided Gary on June 14, 2021, *see Greer v. United States*, 141 S. Ct. 2090 (2021). Accordingly, the Motion for Abeyance (ECF No. 418) will be denied as moot.

## III. CONCLUSION

For the foregoing reasons, Washington's § 2255 Motion (ECF No. 371) will be denied. The Motion for Abeyance (ECF No. 418) will be denied as moot. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                                   /s/  
Date: August 24, 2021     HENRY E. HUDSON  
Richmond, Virginia      SENIOR UNITED STATES DISTRICT JUDGE